UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RED BLACK TREE, D.O.O.,<br><br>      Plaintiff,<br><br>  -v-<br><br>HOTEL CREDITS, INC., DEEPAK SHRIVASTAVA, LELAND KWEE, MOON YOONWHE, and CAITLIN ZAINO VON DURING,<br><br>      Defendants. | CIVIL ACTION NO.: 22 Civ. 7834 (JGK) (SLC)<br><br>**ORDER** |

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Red Black Tree D.O.O. ("RBT") moves for an order under Federal Rule of Civil Procedure 4(f)(3) authorizing alternative service of RBT's Second Amended Complaint (ECF No. 54 (the "SAC")) on defendant Caitlin Zaino von During ("Zaino").  (ECF No. 77 (the "Motion")).  For the following reasons, the Motion is GRANTED.

## II. BACKGROUND

On September 13, 2022, RBT filed the original Complaint, naming as Defendants Hotel Credits, Inc. ("HCI") and Deepak Shrivastava.  (ECF No. 1).  On November 27, 2023, with the Court's leave, RBT filed the First Amended Complaint, which added as defendants the five members of HCI's board of directors (the "Directors"), including Zaino, and asserted a breach of fiduciary duty claim against them.  (ECF No. 36 (the "FAC"); see ECF No. 34).  On January 17, 2024, RBT served Zaino with the Summons and FAC at her residence in Farmingville, New York. (ECF No. 53).  Pursuant to Federal Rule of Civil Procedure 12, Zaino's deadline to respond to the FAC was February 7, 2024.  See Fed. R. Civ. P. 12(a)(1)(A)(i).  Zaino did not respond to the FAC by

this deadline and has not otherwise appeared or defended in this action.  On February 9, 2024, with the Court's leave, RBT filed the SAC, which removed two Directors (not Zaino) as Defendants. (ECF No. 54; see ECF No. 51).

On July 12, 2024, RBT filed the Motion, seeking leave to serve Zaino by email at the address "caitlinzaino@gmail.com" (the "Email Address").  (ECF No. 77).  RBT's chief executive officer, Branko Nikitović, filed a declaration in support of the Motion.  (ECF No. 78-1). Mr. Nikitović states that, on February 1, 2024, i.e., after RBT served Zaino with the FAC, Zaino contacted him from the Email Address regarding this lawsuit.  (Id. ¶ 3).  On February 5 and February 8, 2024, Nikitović and a colleague "had video calls [with Zaino] to discuss the present lawsuit."  (Id. ¶ 4).  During the February 5 call, "Zaino stated she is in Rome, Italy but did not provide [Nikitović] with her address."  (Id. ¶ 5).  "When asked if she would confirm receipt of the [SAC] by email, [] Zaino stated that [Nikitović] would need to go through the 'Hague Convention' for service outside the U.S."  (Id.)  Nikitović believes Zaino remains in Italy, and is "not able to locate her address in Italy via electronic data searches[.]"  (Id. ¶ 7).  In May 2024, RBT attempted to serve the Summons and SAC on Zaino at her last known address in Farmingville, "but the server was told by an elderly female resident that [Zaino] no longer resides there." (ECF No. 78-2 ¶ 7).

### III. DISCUSSION

#### A. Legal Standard

Federal Rule of Civil Procedure 4(f) governs service of process on individuals in foreign countries and provides three means of service:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . ;

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)–(3).

"Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief[,]" and "is merely one means among several which enables service of process on an international defendant." F.T.C. v. Pecon Software Ltd., No. 12 CIV. 7186 (PAE), 2013 WL 4016272, at *3 (S.D.N.Y. Aug. 7, 2013); see Grp. One Ltd. v. GTE GmbH, 523 F. Supp. 3d 323, 341 (E.D.N.Y. 2021) ("The rule does not specify any hierarchy and, consistent with the rule, courts in the Second Circuit have repeatedly recognized that there is no hierarchy among the subsections in Rule 4(f)." (collecting cases)).[1] "The decision of whether to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court." United States v. Lebanese Canadian Bank, 285 F.R.D. 262, 266 (S.D.N.Y. 2012). "In determining whether to issue an order permitting alternative service under Rule 4(f)(3), 'a Court may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process.'" Spin Master, Ltd. v. Aomore-US, No. 23 Civ. 7099 (DEH), 2024 WL 3030405, at *3–4 (S.D.N.Y. June 17, 2024) (quoting SEC v. Anticevic, No. 05 Civ. 6991 (KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009)).

**B. Application**

"[N]o international agreement between the United States and Italy prohibits service by email[.]" Zanghi v. Ritella, No. 19 Civ. 5830 (NRB), 2020 WL 589409, at *6 (S.D.N.Y. Feb. 5, 2020);

---

[1] Internal case citations are omitted unless otherwise indicated.

see also Italy – Central Authority & Practical Information, HAGUE CONF. ON PRIV. INT'L L., https://www.hcch.net/en/states/authorities/details3/?aid=245 (last visited Aug. 12, 2024). Accordingly, the only issue is whether RBT's request to serve Zaino by email comports with due process.

"[A] means of service comports with due process if it is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Fisher v. Petr Konchalovsky Found., No. 15 Civ. 9831(AJN), 2016 WL 1047394, at *2 (S.D.N.Y. Mar. 10, 2016) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). "[I]n those cases where service by email has been judicially approved, the movant supplied the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." Fortunato v. Chase Bank USA, N.A., No. 11 Civ. 6608 (JFK), 2012 WL 2086950, at *2 (S.D.N.Y. June 7, 2012).

The Court finds that email service on Zaino comports with due process. Mr. Nikitović attests that, after RBT served Zaino with the FAC, Zaino communicated directly with him from the Email Address to discuss RBT's lawsuit. (ECF No. 78-1 ¶ 3; see ECF No. 53). Zaino's recent use of the Email Address to communicate with RBT regarding the lawsuit is sufficient to demonstrate that RBT's proposed method of alternative service is "reasonably calculated, under all the circumstances, to apprise [Zaino] of the [SAC] and afford [her] an opportunity to present [her] objections." Grp. One, 523 F. Supp. 3d at 344 (permitting email service under Rule 4(f)(3) where, inter alia, the "Defendants communicated directly with [the] Plaintiff's counsel concerning anticipated or pending patent infringement litigation on prior occasions via email");

see also Zanghi, 2020 WL 589409, at *6 (permitting alternative service by email under Rule 4(f)(3) on defendant who "sent an email from that address" to the plaintiff and noting that the defendant's "recent use of the address indicate[d] that an email to it is likely to reach him"); ShelterZoom Corp. v. Goroshevsky, No. 19 Civ. 10162 (AJN), 2020 WL 4252722, at *2 (S.D.N.Y. July 23, 2020) (permitting alternative service by email under Rule 4(f)(3) on foreign defendant where the plaintiff's counsel received a response regarding an email sent to the defendant's personal email address); Convergen Energy LLC v. Brooks, No. 20 Civ. 3746 (LJL), 2020 WL 4038353, at *6 (S.D.N.Y. July 17, 2020) (finding that email service was reasonably calculated to notify the defendant of the action where the defendant's counsel "contacted [the plaintiffs] only after [the plaintiffs] had emailed [the defendant] at [his personal email address], suggesting that [he] received the email and contacted his counsel thereafter").

## IV. CONCLUSION

For the reasons set forth above, the Motion is GRANTED.  By **August 14, 2024**, RBT shall serve Zaino with the Summons and SAC by email at the Email Address, and file proof of service on the docket.

The Clerk of Court is respectfully directed to close ECF No. 77.

Dated:      New York, New York
            August 13, 2024

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**