UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RED BLACK TREE, D.O.O.,

                      Plaintiff,

-v-

HOTEL CREDITS, INC., DEEPAK SHRIVASTAVA, LELAND KWEE, MOON YOONWHE, and CAITLIN ZAINO VON DURING,

                      Defendants.

CIVIL ACTION NO. 22 Civ. 7834 (JGK) (SLC)

**ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

Plaintiff Red Black Tree D.O.O. ("RBT") brings this action against Defendants Hotel Credits, Inc. ("HCI"), Deepak Shrivastava ("Shrivastava"), Leland Kwee ("Kwee"), Moon YoonWhe ("Moon"), and Caitlin Zaino von During ("Zaino," with Shrivastava, Kwee, and Moon, the "Individual Defendants"), asserting claims under New York and Delaware law. (See ECF No. 54). RBT alleges that the Court "has diversity jurisdiction under 28 U.S.C. §1332(a)(2) because the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of a State and citizens or subjects of a foreign state." (Id. ¶ 10). RBT alleges that it is "a private company organized and existing under the laws of Serbia" and with its principal offices there, and that HCI is a Delaware corporation with offices in New York. (Id. ¶¶ 1–2, 4). RBT fails, however, to allege the citizenship of the Individual Defendants. While RBT alleges that Shrivastava "resides in Torrance," California, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[,]" i.e., "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). "[R]esidence alone is insufficient

to establish domicile for jurisdictional purposes." <u>Van Buskirk v. United Grp. of Cos., Inc.</u>, 935 F.3d 49, 53 (2d Cir. 2019).  Similarly, with respect to the remaining Individual Defendants, RBT: (i) alleges only that Kwee and Moon each "listed an office address in New York City in [] corporate document[s]," (ECF No. 54 ¶¶ 7–8); and (ii) makes no allegations with respect to Zaino's citizenship.  Thus, the Court is unable to determine whether subject matter jurisdiction exists over this action.

Accordingly, to ensure the Court's subject matter jurisdiction over this action, by **August 16, 2024**, RBT's counsel shall file a declaration stating each Individual Defendant's place of domicile.

Dated:      New York, New York
            August 13, 2024

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

2